## Seaton *against* Barry.

An encumbrance upon an inheritance, created by the ancestor, is a good defence against the payment of the valuation money by the heir, to whom the estate was allotted in a proceeding in partition; and this, whether that proceeding be in the Orphans' Court or Common Pleas, and without regard to the mode in which the valuation money was secured.

**ERROR** to the Common Pleas of *Westmoreland* county.

J. W. Barry and Harriet his wife, against James Seaton, *scire facias sur* recognizance.

Thomas Seaton died intestate, and without issue, seised of a tract of land which descended to his heirs at law, John, James, and Harriet Seaton, who became the wife of the plaintiff. James became the owner by purchase of John's share, and instituted an action of partition in the Common Pleas against Barry and wife, and obtained judgment *quod partitio fiat;* and upon a writ *de partitione faciendâ* the land was appraised at $4933.22, and the same was allotted to James Seaton, who entered into a recognizance to Barry and wife for the one-third part of the valuation money. This action was brought upon that recognizance.

The defence was, that the land was encumbered in the lifetime of the intestate, Thomas Seaton, with the right of dower of Elizabeth Jamison, who brought an action and recovered $723.91 against the defendant, James Seaton; and also that it was encumbered with the collateral inheritance tax due to the Commonwealth of $2\frac{1}{2}$ per cent. upon the whole valuation. The parties agreed to these facts, and that the court might enter judgment for such amount as in their judgment the plaintiff was entitled to recover.

The court below was of opinion that neither of these matters of defence could avail the defendant; that the recognizance upon which suit was brought was a debt of record, fixed by the proceeding in partition, and not liable to be affected collaterally, and therefore rendered a judgment for the full amount of the plaintiff's claim.

*Foster,* for plaintiff in error, argued that in partition there was an implied warranty of title, and especially against encumbrances. But here the recovery of dower was not had until after the recognizance was entered into, nor was it known until after the recovery. No encumbrance upon the estate enters into the estimate of the jury which fixes the valuation; but by law, convenience, and necessity, all encumbrances must be paid out of the valuation money; and it can make no difference whether the valuation mo-

ney is secured by recognizance, mortgage, judgment or bond to be sued; the defence is equally available against either. 2 *Penn. Rep.* 233; 14 *Serg. & Rawle* 181; 10 *Watts* 135.

*Beaver, contra,* argued that the recognizance was in the nature of a judgment of the court, and so binding and conclusive as that it cannot be collaterally inquired into. It is to be presumed that the amount was fixed after deducting all encumbrances.

The opinion of the Court was delivered by

HUSTON, J.—In this case the parties claimed as heirs of Thomas Seaton, who died intestate, leaving his brothers and sister, viz: John, James, and Harriet Seaton, his heirs, entitled each to one-third, and leaving a claim by Mrs Jamison of a long arrearage of dower due her. This dower was coming from a specific part of about 106 acres, which Thomas Seaton had purchased and added to land he owned before, making together the tract, from the value of which the money out of which the gross sum of $4933.22 arose. I know not for what reason, but so it was, that these three heirs brought partition in the Common Pleas, instead of instituting a proceeding in the Orphans' Court, where each one on receiving his share must have given a refunding receipt in case any old debts appeared affecting the property. This case, however, is that of one of three heirs taking an estate which turns out to be subject to a lien which commenced several years before the death of the brother under whom the parties all inherit, and which has been running on since that death.

The law has been long well settled in this State on obvious principles of justice, that if a man buys land and gives his bonds for the purchase money, and before such bonds are paid, part of the land is taken by a better title, or an old encumbrance is found to exist, the purchaser has an allowance out of the purchase money for so much. But it is said that the law is different in this case, because this defendant entered into recognizance to pay the share of Harriet. Now, if James had given a mortgage, he would have had an abatement in the same manner as if he was bound only by a bond; and I am not sure that if he had given a bond with a warrant to confess judgment, he would not have been relieved in the same manner as if it had been only a simple bond or note. It seems to me to be the settled law of this State, that where a case is made showing that a judgment ought not in law or equity to be paid in whole or in part, the defendant is and must be let into a defence, leaving the judgment as a security for what shall be found due. The judgment obtained on a trial in court is an exception.

There was something said in the argument about *caveat emptor,* which I have never before heard applied to partition or exchange, both of which at common law imply a warranty when made by the parties. The principles on which this case must be decided

[Seaton v. Barry.]

have been settled in this court in *Feather* v. *Strohæcker*, (3 *Penn. Rep.* 506), and more fully in *Patterson* v. *Lanning*, (10 *Watts* 135), in which it was decided that where heirs claim the same estate from the same person, they are on partition bound by a warranty to each other, in case of loss of one share; or, on the same principle, in case part is taken by an older and better title; and the principle is the same if taken by an encumbrance which bound the estate in the lifetime of him from whom it descended. The heirs take it with the encumbrance, and subject to it.

But it is said partition could not be made, and it was valued, and one took it at the valuation. But this was still a proceeding in partition, only resorted to because the land could not be divided without injury to the estate, and of course to all concerned; it was the property inherited turned into money for the purpose of division. The Act of 11th of April 1799, under which these proceedings were had, continued the interest of the plaintiff in these lands until she was paid her proportion; and if the whole lands had been swept away by a better title or larger claim, all would have lost everything claimed as heirs. The inheritance came to them encumbered, and each inherited subject to that encumbrance. If the jury on partition had divided the estate into three equal parts, this encumbrance would have equally affected each part; and the whole, being one farm, would have been extended or sold to pay off the encumbrance, and when sold, the balance, if any, would have been equally divided as the land had been equally divided. If a judgment bond had been given to the plaintiff, it ought to have been opened to let in this defence; and on this *scire facias* on the recognizance, which did not bind the land any more than the Act of Assembly bound it, this matter was available as a defence. By express enactment of the legislature, the collateral inheritance tax shall be and remain a lien on every estate which shall be subject to it, until the same is paid, and it remains on every part of it. In point of fact, encumbrances are seldom made known to the inquest who divide or appraise land. In this case, this claim was disputed; all the heirs joined in resisting it; its amount was not ascertained, and so could not have been estimated by the jury.

Judgment reversed, and the amount to be ascertained upon the principles agreed upon in the case stated.